Case 4:22-cr-00313   Document 46   Filed on 11/01/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § § | |
| v. | § § § | Case No. H-22-CR-313 |
| Brice Andrew Flickinger, | § | |

### ORDER REVOKING BOND

Brice Andrew Flickinger is charged by indictment with production, distribution, and possession of child pornography. ECF No. 1. The court released Flickinger on bond with conditions including that he avoid contact or communications with minors, except in the presence of the minor's parent or guardian. ECF No. 11 at 7 (conditions 17 and 21). Pending before the court is the Petition for Action on Conditions of Pretrial Release, ECF No. 36, and the Superseding Petition for Action on Pretrial Release, ECF No. 45 (together, the Petitions). Among other things, the Petitions allege that Flickinger had a dating relationship with a minor female, T.P. It is alleged that when Flickinger's relationship with T.P. ended, Flickinger went to T.P.'s home demanding his belongings and would not leave when asked to do so.

Flickinger pleaded not true to the violations and the court held a hearing on October 31, 2024. At the hearing, the Probation Officer, T.P.'s mother, and Flickinger's mother testified. The court concludes that Flickinger had substantial and continuous contact with T.P. who was between fourteen and sixteen years old during the time of contact. The court concludes that Flickinger knew of

T.P.'s age. He knew she was a high school student and had discussions with T.P.'s mother strongly indicating that he was aware she was a minor. Flickinger also lied about his age to T.P.'s mother. To the extent that T.P. lied about her age to Flickinger's mother, that is of no moment. There is no doubt that T.P. wanted, at least at some point, to be in the relationship with Flickinger, so her lying about her age to Flickinger's mother so that the relationship could continue is not a surprise. The important point is that Flickinger knew of her age.

Flickinger's violations are not merely associating with a minor without her parent's consent and presence. Flickinger showed up at her home while she was alone and demanded she return his belongings. Video of the incident shows T.P. berating and cursing at Flickinger and demanding he leave. He refused to do so. T.P.'s mother also testified that Flickinger and T.P. engaged in sexual intercourse during their relationship while Flickinger was on bond in this case. To say the least, this is concerning to the extreme. The very thing that was most concerning to the court, given Flickinger's instant charges, has now come to pass. He has sexually assaulted a minor victim.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Under section 3148(b)(1), the judicial officer "shall" enter an order of revocation if (1)(B) there is clear and convincing evidence that the person committed a violation of a condition of release; and (2)(A) that there are no conditions that will assure the person's appearance or the safety of any other person, or (2)(B) the person is unlikely to abide by any conditions of release.

The court finds by clear and convincing evidence that Flickinger has violated the conditions of release. He has communicated with and associated with a minor without permission and outside the presence of her parent. Flickinger's behavior demonstrates that the court's rules and conditions mean absolutely nothing to him. He is flaunting the rules, harassing and having a sex with a minor, and lying to the minor's mother to further the relationship. There are no conditions that Flickinger will follow.

Brice Andrew Flickinger's bond is revoked, and he is **ORDERED** detained pending further proceedings.

Signed at Houston, Texas, on October 31, 2024.

_____
Peter Bray
United States Magistrate Judge